UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHANNON HARRIS,

                Plaintiff,

    -against-

THE CITY OF NEW YORK and P.O. GABRIEL RODRIGUEZ, Shield No. 011294, Individually and in his Official Capacity,

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------X

    Plaintiff SHANNON HARRIS, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SHANNON HARRIS is an African American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendant P.O. GABRIEL RODRIGUEZ was a duly sworn police officers of said department and was acting under the supervision of said department and according to his official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 17, 2011, at approximately 5:00 p.m., plaintiff SHANNON HARRIS was lawfully present in the vicinity of Lyman Place, Bronx, New York.

14. At the aforesaid time and place, plaintiff SHANNON HARRIS was talking to his friend on the sidewalk when they were accosted by defendant officers and asked to move.

15. Plaintiff complied by moving away from said location.

16. Following, defendant officers asked Plaintiff to move for a second time and once again plaintiff complied.

17. Despite the fact that plaintiff complied with all of defendant's requests to move, defendant placed plaintiff under arrest with his arms tightly behind his back.

18. Plaintiff was charged with unlawful assembly and disorderly conduct.

19. At no time on June 17, 2011, did plaintiff SHANNON HARRIS behave disorderly or unlawful in anyway.

20. At no time on or about June 17, 2011, did defendants possess probable cause to arrest plaintiff.

21. At no time on June 17, 2011, did defendant officers possess information that would lead a reasonable officer to believe plaintiff SHANNON HARRIS had engaged in any criminal or unlawful activity whatsoever.

22. As a result of his unlawful arrest, plaintiff SHANNON HARRIS spent approximately twenty-seven (27) hours in custody before the district attorney's office declined to prosecute charges against him because defendant officers never observed plaintiff engage in tumultuous or violent conduct, block vehicular or pedestrian traffic, or refuse to comply with defendant officer's order to disperse.. **(Copy of the June 17, 2011 Declined to Prosecute Paperwork is annexed hereto as Exhibit "A").**

23. As a result of the foregoing, plaintiff SHANNON HARRIS sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff SHANNON HARRIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" as if the same were more fully set forth at length herein.

34. Defendants created false evidence against plaintiff.

35. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

36. Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings, namely that defendant was assembling unlawfully and behaving disorderly, when in fact defendant officers never observed plaintiff engage in tumultuous or violent conduct, block vehicular or pedestrian traffic,2 or refuse to comply with defendant officer's order to disperse. (*See* **Exhibit A**).

37. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

    ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

47. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

48. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       October 16, 2013

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

```
                                          Typed by: RAMSAY, RICHARD J

         AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING PROSECUTION
================================================================
Arresting Officer's                 Arrest
-------------------                 ------
Name     : RODRIGUEZ GABRIEL        Arrest Date: 06/17/2011
Rank     : PO                       Arrest Time: 17:00
Shield   : 011294
Command  : 42 PCT
TaxID    : 947418000
================================================================
CHARGES:
--------
P.L. 240.10, P.L. 240.20(5), P.L. 240.20(6)

================================================================
Defendants                          Address
----------                          -------
1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                 710 PLANK ROAD
2. B11650296 DANANTE OWENS          1365 LYMAN PLACE
3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                 1434 BRYANT AVENU
4. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                 3928 COPPER
5. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                 1220 COLLEGE AVEN

================================================================
Complainant's Name:
-------------------
NONE

================================================================
Reason(s) for declining/deferring prosecution:
----------------------------------------------
```

The People are declining to prosecute the instant matter due to insufficient evidence.

On June 17, 2011 at approximately 5:00 PM, arresting officer observed defendants standing together on the sidewalk and street in front of 1375 Lyman Place, at which time arresting officer ordered defendants to move so as not to block pedestrian traffic. Although defendants complied, they eventually stopped walking and arresting officer again ordered them to move. Again, defendants complied. After circling the block approximately 3-4 times and ordering defendants to move, arresting officers arrested defendants for unlawful assembly and disorderly conduct even though defendants complied with each order issued by arresting officer.

Because arresting officer did not observe defendants engage in tumultous or violent conduct, block vehicular or pedestrian traffic, or refuse to comply with arresting officer's order to disperse, the People cannot charge defendants with unlawful assembly or disorderly conduct. Under the circumstances, the People have insufficient evidence to meet their burden of proof at trial, and as such the charges must be dismissed.

```
===============================================================================
Action to be taken by Arresting Officer:
-------------------------------------------------
Check for Warrant.
```

_____      _____
Signature of Complainant              Print Name of Complainant


*[signature: Ramsay]*

_____      RAMSAY, RICHARD J
Signature of Assistant DA            _____
                                      Print Name of Assistant DA



_____      _____
Signature of Arresting Officer        Print Name, Shield, Command

Date: 06/18/2011 18:56